UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WAYNE JOHNSON,

    Plaintiff,

  v.

AMY NELSON,

    Defendant.

No. 2:20-cv-0967 DB P

<u>ORDER</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Presently before the court is plaintiff's complaint for screening (ECF No. 1), and his motion to appoint counsel (ECF No. 8). For the reasons set forth below, the court will dismiss the complaint with leave to amend and deny the motion to appoint counsel.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

1 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
4 　　　　The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

8 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A
11 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
12 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
13 an act which he is legally required to do that causes the deprivation of which complaint is made."
14 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15 　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
16 their employees under a theory of respondeat superior and, therefore, when a named defendant
17 holds a supervisorial position, the causal link between him and the claimed constitutional
18 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
19 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
20 concerning the involvement of official personnel in civil rights violations are not sufficient. See
21 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22 　　**I.　　Allegations in the First Amended Complaint**

23 　　　　The events giving rise to the claim occurred while plaintiff was incarcerated at Mule
24 Creek State Prison (MCSP). (ECF No. 1 at 1.) Plaintiff states that on June 12, 2019, he
25 experienced intense pain in his swollen left knee and was seen by defendant Amy Nelson R.N.
26 She denied his request of a doctor's referral for his primary care provider Dr. Ramos. Plaintiff
27 returned to defendant on June 17, 2019 and on June 27, 2019 experiencing severe pain in the
28 same knee, he was again refused to be referred to his doctor and was provided an ice pack and

Tylenol respectively. (ECF No. 1 at 3-7.) Plaintiff filed an administrative grievance and submitted another health care request form. (Id. at 7.) He was seen by a different nurse who immediately referred him to his primary care provider. Plaintiff alleges his injury "worsened" and "deteriorated" as a result of defendant's failure to refer him to his primary care doctor. Id. at 3.

**II.     Does Plaintiff State a Claim under § 1983?**

**A. Legal Standards under the Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

////

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

////

1  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

2  F.2d 1337, 1344 (9th Cir. 1981).

3        **B.  Analysis**

4        Plaintiff has alleged that defendant refused to refer him to his primary care provider.

5  Defendant's refusal to refer plaintiff to his primary care provider immediately do not rise to the

6  level of sufficiently active involvement in the deprivation of plaintiff's rights.  Plaintiff claims

7  defendant examined his knee and decided within her capacity to not refer him to his primary care

8  doctor.  Instead, defendant administered Tylenol and an ice pack.  (ECF No. 1 at 3-7.)  Plaintiff's

9  complaint appears to suggest a mere difference of opinion concerning what medical care was

10  appropriate, which will not support a deliberate indifference claim.  Further, defendant does not

11  appear to have been responsible for or to have had any control over the alleged pain and suffering

12  that followed.

13        For these reasons, plaintiff's deliberate indifference claims against defendant are not

14  cognizable as currently presented.  Plaintiff will, however, be given the opportunity to amend this

15  claim should he so choose.

16      **III.**    **Amending the Complaint**

17        Plaintiff is advised that in an amended complaint he must clearly identify each defendant

18  and the action that defendant took that violated his constitutional rights.  The court is not required

19  to review exhibits to determine what plaintiff's charging allegations are as to each named

20  defendant.  The charging allegations must be set forth in the amended complaint so defendants

21  have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

22  detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

23  each claim.  See Fed. R. Civ. P. 8(a).

24        Any amended complaint must show the federal court has jurisdiction, the action is brought

25  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

26  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

27  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

28  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**MOTION TO APPOINT COUNSEL**

Plaintiff has requested appointment of counsel. (ECF No. 8.) Plaintiff argues the court should appoint counsel because he is uneducated in the law, cannot afford counsel, and has limited access to resources in the prison law library.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has not shown that he is unable to articulate his claims pro se.  He has coherently stated his allegations, filed responsive documents, and cited relevant legal authority.  Further, plaintiff has stated nothing more than circumstances common to most inmates in support of his motion. Accordingly, the court will deny plaintiff's motion to appoint counsel without prejudice to its renewal in the future.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

////

5. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

7. Plaintiff's motion to appoint counsel (ECF No. 8) is denied without prejudice.

Dated: July 29, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:Extern
DB:1/Orders/Prisoner/Civil.Rights/john0967.scrn.31