UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WAYNE JOHNSON,

    Plaintiff,

v.

AMY NELSON,

    Defendant.

No. 2:20-cv-0967 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Presently before the court is plaintiff's motion to appoint counsel (ECF No. 36) and defendant's motion to modify the discovery and scheduling order ("DSO") (ECF No. 37). For the reasons set forth above, the court will deny plaintiff's motion without prejudice and grant defendant's motion to modify the DSO.

I. **Plaintiff's Motion to Appoint Counsel**

Plaintiff has requested the appointment of counsel to assist him when defendants depose him. (ECF No. 36.) In support of his motion, he states that he has had help from a fellow inmate in litigating this case, but he does not have the knowledge or resources of the attorney general's office. He also states that due to the COVID-19 pandemic the law library has only been opened

////

one day per week.  He states that he has attempted to hire pro bono counsel to no avail.  Plaintiff further states that he receives mental health treatment and takes psychotropic drugs daily.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances.  Mental health issues do not warrant the appointment of counsel.  Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an "incapacitating mental disability" and the plaintiff "must present evidence of incompetence." <u>Meeks v. Nunez</u>, No. 13cv973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). Plaintiff has not provided any evidence showing that he is incompetent.  Additionally, it appears from the complaint and plaintiff's other filings that he is capable of articulating his claims pro se at this point.  Plaintiff's lack of education, lack of access to the law library, and lack of resources are nothing more than circumstances common to most inmates.  Accordingly, the court will deny the motion to appoint counsel without prejudice.

**II.     Defendant's Motion to Modify the DSO**

Defendant has requested a sixty-day extension of the deadlines set forth in the September 13, 2021 DSO. (ECF No. 37.)  In support of the motion counsel for defendant argues that good cause exists to modify the DSO because plaintiff refused to proceed with his November 10, 2021

deposition. Counsel further states that the extension of time will allow defendant to move to compel plaintiff's attendance at a deposition, complete plaintiff's deposition, and conduct any necessary follow up discovery after the deposition.

Good cause appearing the court will grant the motion to modify the DSO.

### III.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 36) is denied without prejudice;

2. Defendant's motion to modify the DSO (ECF No. 37) is granted;

3. The parties may conduct discovery until March 22, 2022. Any motions to compel discovery shall be filed by that date;

4. All pretrial motions, except motions to compel discovery, shall be filed on or before, June 21, 2022; and

5. The court's September 13, 2021 DSO (ECF No. 32) remains the same in all other respects.

Dated: November 29, 2021

/s/DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/john0967.mtn.appt(P)eot(D)