UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOHNSON, | No. 2:20-cv-0967 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| AMY NELSON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Presently before the court is defendant's motion to compel and for sanctions.  (ECF No. 39.)  For the reasons set forth below, the court will grant the motion to compel and deny the motion for sanctions.

**I.    Background**

Plaintiff initiated this action by filing the original complaint alleging defendant failed to provide adequate medical care in violation of his Eighth Amendment rights.  (ECF No. 1.)  By order dated March 17, 2021 the undersigned determined plaintiff's second amended complaint stated a potentially cognizable deliberate indifference claim against defendant Amy Nelson.  (ECF No. 15.)  Defendant was served and filed an answer.  This action was referred to the court's Post-Screening ADR (Alternative Dispute Resolution) project.  (ECF No. 26.)  Defendant filed a

1

motion to opt-out of the ADR project.  (ECF No. 29.)  The motion was granted, and the undersigned set forth a discovery and scheduling order (DSO) on September 13, 2021.  (ECF No. 32.)

## II.    Defendant's Motion, Plaintiff's Opposition, and Defendant's Reply

Counsel for defendant alleges that plaintiff refused to participate in a properly noticed deposition by video conference on November 10, 2021.  (ECF No. 39-1 at 2.)  Defendant states notice of the deposition was served by mail on October 19, 2021.  (ECF No. 39-2 at 5-6.)  Defendant claims that plaintiff did not object to the deposition at any point between October 19, 2021 and November 10, 2021.  Defendant seeks a court order compelling plaintiff to participate in a deposition and monetary sanctions.

Plaintiff filed an opposition to defendant's motion.  (ECF No. 41.)  In support of his motion, he states that he is an indigent inmate, he has no funds in his prison trust account, and he does not have a prison job.  Thus, he argues he cannot pay sanctions.  (Id. at 2.)  Plaintiff also states that he is willing to proceed with a deposition without a court order.

In the reply defendant argues that plaintiff should be ordered to attend a second deposition and should be ordered to pay the expenses defendant incurred in seeking to depose plaintiff on November 10, 2021 and preparing the instant motion to compel.  (ECF No. 44.)

## III.    Plaintiff is Required to Participate in a Deposition

The Federal Rules of Civil Procedure require plaintiff to attend and meaningfully participate in a properly noticed deposition see Fed. R. Civ. P. 30, 37, and the undersigned has authority to compel a party to participate in a deposition, see 28 U.S.C. § 636(b)(1)(A); E.D. Local Rule 302(c)(1).  Additionally, the DSO states that defendant may depose plaintiff provided that defendant provides the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before the deposition.  (ECF No. 32 at 5.)

Plaintiff acknowledged that he received notice of the November 10, 2021 deposition.  (ECF No. 39-2 at 23.)  The undersigned has reviewed the transcript of the deposition provided as an attachment. (ECF No. 39-2 at 8-48.)  Therein, plaintiff indicated that he did not want to participate in the deposition because he did not have the assistance of counsel.

The court notes that "[t]he Sixth Amendment provides for the right to effective assistance of counsel, but it applies only for criminal cases, not civil cases." Thomsen v. Sacramento Metropolitan Fire Dist., No. 2:09-cv-01108 FCD/EFB, 2009 WL 8741960, at *11 (E.D. Cal. Oct. 20, 2009) (citations and quotations omitted). Additionally, lack of representation by counsel does not excuse plaintiff from attendance at a properly noticed deposition. Simmons v. Pompey, No. 2:19-cv-2491 JDP (PC), 2021 WL 1315239 at *1 (E.D. Cal. Apr. 8, 2021). Accordingly, Plaintiff will be compelled to participate in a rescheduled deposition.

**IV.     The Court Will Not Impose Monetary Sanctions**

In addition to an order compelling plaintiff to participate in a deposition, defendant also seeks the imposition of sanctions against plaintiff "in the amount of $1,498.88 to reimburse defendant for the expenses incurred in attempting to take his deposition and bring this Motion." (ECF No. 39-1 at 1.)

In light of plaintiff's in forma pauperis status, the court declines to impose monetary sanctions. See e.g., Bumpus v. Nangalama, No. 2:12-cv-1102 GEB DAD P, 2015 WL 5435364, at *5 (E.D. Cal. Sept. 15, 2015) ("Given that plaintiff is proceeding in forma pauperis, the court declines to impose the requested monetary sanctions."); Morrow v. Sacramento D.E.A., No. 2:13-cv-2188 GEB KJN, 2014 WL 907349 at *3 (E.D. Cal. Mar. 7, 2014) ("[I]n light of plaintiff's in forma pauperis status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed . . . ."); Jackson v. Cates, No. CIV S-10-2070 GEB EFB, 2011 WL 546316 at *2 (E.D. Cal. Nov. 7, 2011) ("Due to plaintiff's in forma pauperis status, the court declines to issue an award of monetary sanctions at this time.").

The Ninth Circuit has stated that where a pro se prisoner attends a deposition, but refuses to testify, he has not failed to appear. Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995). The court went on to state that "the proper remedy is a court order to testify under Rule 37(a)." Id. Here, plaintiff appeared at the deposition by video conference, but refused to participate. Thus, the appropriate remedy is an order compelling plaintiff to appear at a deposition, rather than the imposition of monetary sanctions.

////

3

As set forth above and pursuant to the Federal Rules of Civil Procedure, plaintiff is required to sit for a deposition and cooperate in discovery. He is advised that failure to cooperate in discovery may result in the imposition of sanctions, including dismissal as a potential sanction. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff is warned that failure to participate in a rescheduled deposition the court will recommend that this action be dismissed.

**V.    Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that defendant's motion to compel and for sanctions (ECF No. 39) is granted in part and denied in part as follows:

a. Defendant's motion for an order compelling plaintiff to participate in a deposition is granted; and

b. Defendant's motion for monetary sanctions is denied.

Dated: January 11, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/john0967.comp.depo