1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WAYNE JOHNSON,                  No.  2:20-cv-0967 WBS DB P

12                  Plaintiff,

13        v.                                 ORDER

14   AMY NELSON,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Plaintiff contends that defendant was deliberately indifferent to

19   his serious medical needs in violation of the Eighth Amendment.  Presently before the court is

20   plaintiff's motion to compel.  (ECF No. 42.)  For the reasons set forth below, the court will deny

21   the motion to compel.

22      **I.  Plaintiff's Motion to Compel**

23          Plaintiff has filed a motion seeking an order from the court instructing defendants to

24   participate in discovery.  (ECF No. 42.)  He states he mailed interrogatories to counsel for

25   defendants on October 18, 2021.  When he did not receive a response within 45 days, he wrote a

26   letter requesting a response.  He requests the court order defendant to produce responsive

27   documents.  Plaintiff also requests the court instruct defendant to provide a response to his

28   request for production of documents.

                                            1

1    Defendants filed an opposition to plaintiff's motion to compel.  (ECF No. 45.)  Therein,

2    counsel for defendant states that they sent discovery responses to plaintiff on November 3, 2021.

3    However, they were returned marked undeliverable on November 16, 2021.  (Id. at 2.)  After

4    talking with plaintiff over the phone the following day, counsel re-issued the interrogatory

5    responses.  Counsel received correspondence from plaintiff on December 9, 2021 indicating that

6    plaintiff had not received the interrogatory responses.  Counsel re-served the responses.  During a

7    December 16, 2021 telephone call, plaintiff confirmed that he received the interrogatory

8    responses.  (Id. at 3.)

9    **II. Legal Standards**

10    Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery

11    regarding any non-privileged matter that is relevant to any party's claim or defense and

12    proportional to the needs of the case, considering the importance of the issues at stake in the

13    action, the amount in controversy, the parties' relative access to relevant information, the parties'

14    resources, the importance of the discovery in resolving the issues, and whether the burden or

15    expense of the proposed discovery outweighs its likely benefit.  Information within this scope of

16    discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

17    Parties may serve on any other party a request within the scope of Rule 26(b) to produce and

18    permit the requesting party or its representative to inspect, copy, test, or sample the following

19    items in the responding party's possession custody or control: any designated documents or

20    tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

21    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

22    move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

23    37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

24    incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

25    'broad discretion to manage discovery and to control the course of litigation under Federal Rule

26    of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

27    Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

28    ////

2

1   "The party seeking to compel discovery has the burden of establishing that its request

2   satisfied the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery

3   has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

4   explaining or supporting its objections."  <u>Bryant v. Ochoa</u>, No. 07cv200 JM (PCL), 2009 WL

5   1390794, at *1 (S.D. Cal. May, 14, 2009) (citations omitted).

6   Specifically, the party moving to compel bears the burden of informing the court (1)

7   which discovery requests are the subject of the motion to compel, (2) which of the responses are

8   disputed, (3) why the party believes the response is deficient, (4) why any objections are not

9   justified, and (5) why the information sought through discovery is relevant to the prosecution of

10   this action.  <u>McCoy v. Ramirez</u>, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal.

11   June 9, 2016); <u>Ellis v. Cambra</u>, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.

12   Cal. Mar. 27, 2008).

13   **III. Analysis**

14   Plaintiff's motion should be denied because he has not met his burden.  Plaintiff is

15   required to state which discovery requests are the subject of his motion to compel.  <u>See</u> <u>Grabek v.</u>

16   <u>Dickinson</u>, No. CIV S-0-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012) (moving

17   party is required to inform the court which discovery requests are the subject of the motion to

18   compel); <u>see also</u> E.D. Cal. Local Rule 250(c) (party seeking an order to compel discovery to

19   submit to the court the requests for production which are at issue).  Plaintiff's motion does not

20   specify which discovery requests are in dispute.  Rather, it states that he seeks responses to both

21   interrogatories and requests for production.  Thus, it is not clear which discovery requests are at

22   issue.

23   Moreover, it appears that the issue is now moot because plaintiff confirmed he received

24   defendants' responses.  (ECF No. 45 at 3.)  Counsel for defendant avers that he has confirmed

25   through correspondence with plaintiff, that he received the responses.  Thus, the motion should

26   also be denied as moot.

27   ////

28   ////

3

1    **IV. Conclusion**

2        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 42)

3    is denied.

4    Dated:  January 24, 2022

5

6                                          _____

7                                          DEBORAH BARNES
                                           UNITED STATES MAGISTRATE JUDGE
8

9

10

11
     DB:12
12   DB/DB Prisoner Inbox/Civil.Rights/R/john0967.mtc(P)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           4