UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE JOHNSON, | No. 2:20-cv-0967 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| AMY NELSON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Presently before the court is plaintiff's motion to compel. (ECF No. 42.) For the reasons set forth below, the court will deny the motion to compel.

**I.    Plaintiff's Motion to Compel**

Plaintiff has filed a motion seeking an order from the court instructing defendants to participate in discovery. (ECF No. 42.) He states he mailed interrogatories to counsel for defendants on October 18, 2021. When he did not receive a response within 45 days, he wrote a letter requesting a response. He requests the court order defendant to produce responsive documents. Plaintiff also requests the court instruct defendant to provide a response to his request for production of documents.

1

Defendants filed an opposition to plaintiff's motion to compel. (ECF No. 45.) Therein, counsel for defendant states that they sent discovery responses to plaintiff on November 3, 2021. However, they were returned marked undeliverable on November 16, 2021. (Id. at 2.) After talking with plaintiff over the phone the following day, counsel re-issued the interrogatory responses. Counsel received correspondence from plaintiff on December 9, 2021 indicating that plaintiff had not received the interrogatory responses. Counsel re-served the responses. During a December 16, 2021 telephone call, plaintiff confirmed that he received the interrogatory responses. (Id. at 3.)

## II.    Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Parties may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

////

"The party seeking to compel discovery has the burden of establishing that its request satisfied the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May, 14, 2009) (citations omitted).

Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

### III. Analysis

Plaintiff's motion should be denied because he has not met his burden. Plaintiff is required to state which discovery requests are the subject of his motion to compel. See Grabek v. Dickinson, No. CIV S-0-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012) (moving party is required to inform the court which discovery requests are the subject of the motion to compel); see also E.D. Cal. Local Rule 250(c) (party seeking an order to compel discovery to submit to the court the requests for production which are at issue). Plaintiff's motion does not specify which discovery requests are in dispute. Rather, it states that he seeks responses to both interrogatories and requests for production. Thus, it is not clear which discovery requests are at issue.

Moreover, it appears that the issue is now moot because. plaintiff confirmed he received defendants' responses. (ECF No. 45 at 3.) Counsel for defendant avers that he has confirmed through correspondence with plaintiff, that he received the responses. Thus, the motion should also be denied as moot.

////

////

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 42) is denied.

Dated:  January 31, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/john0967.mtc(P)